

**FILED**

DEC 11 2015

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

**United States Department of Justice**

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

| | |
|---|---|
| United States Courthouse | |
| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | FAX: (304) 234-0111 |
| Wheeling, WV 26003 | |

David A. Jividen, Esq.
Jividen Law Offices
729 North Main Street
Wheeling, WV 26003

November 23, 2015

In re: <u>United States v. Clarence Joseph JACKSON</u>, Criminal No.: 5:15-CR-__76__

Dear Mr. Jividen:

This will confirm conversations with you concerning your client, Clarence Joseph Jackson (hereinafter referred to as "Defendant" or "Mr. Jackson"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.     Defendant will waive his right to have his case presented to a Grand Jury and plead guilty to a one-count Information to be filed in this district charging him with Structuring Transactions to Evade Reporting Requirements, in violation of Title 31, United States Code, Section 5324(a)(3).

2.     The maximum penalty to which Mr. Jackson will be exposed by virtue of his plea of guilty to Count One is: a fine of not more than $250,000.00, imprisonment of not more than five (5) years, or both; and a term of supervised release of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2). Mr. Jackson will also be required to pay a mandatory special assessment of $100.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Jackson might be required by the Court to pay the costs of his incarceration.

_____
Clarence Joseph Jackson, Defendant

_____
David A. Jividen, Esq.
Counsel for Defendant

_11-23-15_
Date

_Nov 23, 2015_
Date

- 1 -

3. Mr. Jackson consents to the entry of a forfeiture personal money judgment in the amount of $23,000.00. Mr. Jackson stipulates that $23,000.00 is the amount of property involved in the offense underlying this agreement, and any property traceable to such property.

In addition, Mr. Jackson stipulates that substitute property is subject to forfeiture because, as a result of the defendant's acts and omissions, all property subject to direct forfeiture is not available for forfeiture for the reasons described in 21 U.S.C. § 853(p)(1), subparagraphs (A) – (E). Until the value of such property subject to direct forfeiture has been forfeited, the defendant consents to the forfeiture of any substitute asset the government seeks to forfeit toward satisfaction of the money judgment.

Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the defendant referred to, identified, or led to the identification or location of such property.

The defendant acknowledges that the United States, upon approval of the Court, may conduct discovery for the purpose of identifying and locating assets forfeited to the United States, property traceable to such assets, or assets of the defendant that may be substituted up to the value of the forfeited assets. The defendant agrees to identify any property, regardless of who owns or controls such property, which was involved in the offense of conviction, and to identify anything that could be forfeited as substitute property. The defendant further agrees to take all steps as requested by the United States to obtain from any other person, by any lawful means, all records of assets owned by the defendant. The defendant also agrees to execute any deed or other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant further agrees to undergo any polygraph examination the United States may choose to administer concerning such assets, to provide the defendant's tax returns for the previous five years, and to sign consents authorizing the Internal Revenue Service and other taxing agencies to release tax returns and related filings to agents of the United States Attorney's Office.

The defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

| | |
|---|---|
| _____<br>Clarence Joseph Jackson, Defendant | _11-23-15_____<br>Date |
| _____<br>David A. Jividen, Esq.<br>Counsel for Defendant | _November 23, 2015_____<br>Date |

- 2 -

The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

4. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level is a **Base Offense Level 10** pursuant to Sections 2S1.3(a)(2) and 2B1.1(b)(1)(C) because the value of the funds involved is more than $15,000.00 but not more than $40,000.00. In addition, the parties agree to litigate whether a **two-level enhancement** is appropriate pursuant to Section 2S1.3(b)(1) because the defendant knew or believed that the funds were proceeds of unlawful activity, to wit: drug trafficking. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation, and if not accepted by the Court, Mr. Jackson will not have the right to withdraw his plea of guilty.

5. Mr. Jackson waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Jackson further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

6. Mr. Jackson will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Jackson will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

7. Nothing contained in any statement or any testimony given by Mr. Jackson pursuant to Paragraph 6 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Jackson in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Jackson's applicable guideline range. This Agreement does not prevent Mr. Jackson from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In this regard, the United States agrees not to pursue any further prosecution based on any evidence from an independent legitimate source which is currently in its possession. In addition,

| | |
|---|---|
| _____ | _11-23-15_____ |
| Clarence Joseph Jackson, Defendant | Date |
| _____ | _Nov. 23-15_____ |
| David A. Jividen, Esq. | Date |
| Counsel for Defendant | |

nothing contained in this Agreement shall prevent the United States from prosecuting Mr. Jackson for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 6 above.

8. At final disposition, the United States will advise the Court of Mr. Jackson's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

9. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes nonbinding sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, Mr. Jackson understands that the Court is not bound by these sentencing recommendations, and that he has no right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

10. The United States will make the following nonbinding recommendations: 1) if Mr. Jackson accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Jackson give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Jackson must execute this Plea Agreement on or before 5:00 p.m., November 24, 2015,** and return or fax an executed copy to the United States by that day and time; 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range; 4) if the Court applies the enhancement in Section 2S1.3(b)(1), the United States will not oppose a sentence of probation with home confinement as a condition; and 5) if the Court does not apply the enhancement in Section 2S1.3(b)(1), the United States will not oppose a sentence of probation without home confinement as a condition.

11. If, in the opinion of the United States, Mr. Jackson either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Mr. Jackson will not have the right to withdraw his guilty plea.

_____  
Clarence Joseph Jackson, Defendant

_____  
David A. Jividen, Esq.  
Counsel for Defendant

_11-23-15_  
Date

_Nov. 23, 2015_  
Date

12. Mr. Jackson is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court determines that defendant's base offense level under the advisory Guidelines is a Level 10 or less:

    a. to appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

    b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

13. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Jackson's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Jackson or his counsel.

14. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

_____       11-23-15
Clarence Joseph Jackson, Defendant      Date

_____       November 23, 2015
David A. Jividen, Esq.      Date
Counsel for Defendant

15.     The above fourteen (14) paragraphs constitute the entire agreement between Mr. Jackson and the United States of America in this matter.  **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

                                    Very truly yours,

                                    WILLIAM J. IHLENFELD, II
                                    United States Attorney

                    By:    Jarod J. Douglas
                              Assistant United States Attorney

As evidenced by my signature at the bottom of the six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

| | |
|---|---|
| _____<br>Clarence Joseph Jackson, Defendant | _11-23-15_____<br>Date |
| _____<br>David A. Jividen, Esq.<br>Counsel for Defendant | _11-23-15_____<br>Date |